30-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
FALCON RESOURCES (SHANGHAI) LTD
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

RECEIVED
MAR 2 5 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FALCON RESOURCES (SHANGHAI) LTD,

                      Plaintiff,

   -against-

HK HUAJIN SHIPPING CO., LIMITED a/k/a HONG KONG
YONG JEI INTERNATIONAL SHIPPING CO., LTD.
a/k/a HONG KONG YONG JEI INTERNATIONAL
TRADING CO., LTD.,

                      Defendant.
------------------------------------------------------------x

08 CIV 395 (SHS)

**AMENDED**
**VERIFIED COMPLAINT**

      Plaintiff, FALCON RESOURCES (SHANGHAI) LTD (hereinafter "FALCON") for its Amended Verified Complaint against Defendant HK HUAJIN SHIPPING CO., LIMITED a/k/a HONG KONG YONG JEI INTERNATIONAL SHIPPING CO., LTD. a/k/a HONG KONG YONG JEI INTERNATIONAL TRADING CO., LTD. (hereinafter "HONG KONG") alleges upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims arising out of the carriage of goods by sea. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of

NYDOCS1/301192.1

Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2.  At all times material hereto, Plaintiff FALCON was and still is a foreign business entity under the laws of a foreign country with an address at Room 126-B, 239 Chang Dao Road, Pudong New Area, Shanghai, China.

3.  At all times relevant hereto, Defendant HONG KONG was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at RM 907 JFZ 114 Wing Tuck Commercial Centre 177-183 Wing Lok Street, Sheung Wan, Hong Kong.

4.  Pursuant to a maritime contract of charter party, Defendant HONG KONG, as owner of the M/V HUA JIN WO ex. BEI JI STAR, chartered its vessel to non-party Sabari Exim Private Ltd. of Chennai, India for the carriage of 27,200 wet metric tons of iron ore rom from Panjim, India to Xingang, China.

5.  On or about October 18, 2007, Defendant HONG KONG issued a clean negotiable ocean bill of lading for said cargo which incorporated said charter party by reference.

6.  The bill of lading was ultimately negotiated to Plaintiff FALCON and FALCON was the party entitled to receive the cargo.

7.  During the voyage from India to China, the M/V HUA JIN WO ex. BEI JI STAR anchored in Singapore from October 29, 2007 to November 7, 2007, awaiting the arrival of new crew members.

8.  The voyage came to a second halt on November 11, 2007 when the M/V HUA JIN WO ex. BEI JI STAR experienced main engine failure approximately 150 mile off Vungtau, Vietnam.

9. On November 21, 2007, the vessel was towed to Sanya, China for repairs.

10. At Sanya, Plaintiff FALCON, the cargo underwriter, People's Insurance Ciompany of China, hired a surveyor who performed a vessel inspection on November 22 an 23, 2007 which revealed that the M/V HUA JIN WO ex. BEI JI STAR lacked regular maintenance and failed to maintain main engine records. The surveyor concluded that the main engine failure was caused by unseaworthiness of the vessel attributable to (1) lack of maintenance and (2) overuse of the engine drain tap.

11. Seven days later, on November 30, 2007, the repaired vessel departed Sanya and sailed to Xingang at fairly low speed.

12. In breach of its duties to provide a seaworthy vessel and perform the anticipated voyage with reasonable dispatch, Defendant HONG KONG delivered the cargo 41 days later than expected (the difference between the actual duration of 56 days and the expected duration of approximately 15 days), resulting in a loss to Plaintiff in the amount of $350,000 (the difference between the market value at the actual time of arrival and the market value at the expected time of arrival).

13. In further breach of the charter party and bill of lading contract and in breach of its duty to deliver cargo in good order, Defendant HONG KONG short delivered 2.8% of the cargo, resulting in further loss to Plaintiff in the amount of $100,000.

14. In sum, as a result of the above, Defendant HONG KONG has caused the following damages:

    (a)    $350,000 (loss in market value of cargo due to late delivery);
    (b)    $100,000 (short delivery of cargo),

for a total sum of $450,000.

15. In an attempt to avoid liability under the charter, Defendant, as Hong Kong Yong Jei International Shipping Co., Ltd. a/k/a Hong Kong Yong Jei International Trading Shipping Co., Ltd., changed its name to HK Huajin Shipping Co., Limited. Defendant initiated its incorporation as HK Huajin Shipping Co., Limited roughly three weeks after receiving Plaintiff's first payment demand for amounts outstanding under the charter. HK Huajin Shipping Co., Limited's paid up capital is 1 HK dollar only. In conjunction with the incorporation, Defendant changed the name of its vessel from the M/V BEI JI STAR to the M/V HUA JIN WO.

16. Defendant HONG KONG, as seller, has entered into a contract for the sale of its vessel, the M/V HUA JIN WO ex. BEI JI STAR, with non-party Jiangsu Huahai Shipping Co Ltd., as buyer. In connection with the sale of the M/V HUA JIN WO ex. BEI JI STAR, Defendant will be receiving one or more payments from non-party Jiangsu Huahai Shipping Co Ltd. at an account in its name or in the name of a nominated non-party.

17. In addition, Defendant utilizes non-party Hong Da International Shipping Co Ltd as its paying agent. Non-party Hong Da International Shipping Co Ltd pays the debts of Defendant HONG KONG on Defendant's behalf, including the payment of agency fees incurred by Defendant in connection with the M/V HUA JIN WO ex. BEI JI STAR.

18. The charter party, as incorporated into the bill of lading, provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and Plaintiff specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been or will shortly be commenced.

19. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff's claims made or to be made in arbitration in London under English law, as agreed by the parties.

20. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

21. Plaintiff estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting their claims in London arbitration will be $300,000. Costs for evidence preservation in Sanya anticipated to be awarded is estimated to be $20,000. Interest anticipated to be awarded is estimated to be $114,147.00 (calculated at the rate of 7% per annum compounded quarterly for a period of 3 years, the estimated time for completion of the proceedings in London).

22. In all, the claim for which Plaintiff sues in this action, as near as presently may be estimated, totals **$874,147.00**, no part of which has been paid by Defendant HONG KONG. Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure Plaintiff.

### Request for Rule B Relief

23. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant HK HUAJIN SHIPPING CO., LIMITED a/k/a HONG KONG YONG JEI INTERNATIONAL SHIPPING CO., LTD. a/k/a HONG KONG YONG JEI INTERNATIONAL TRADING CO., LTD. (collectively hereinafter, "ASSETS"), including but not limited to payments made by Jiangsu

Huahai Shipping Co Ltd. in connection with the M/V HUA JIN WO or the M/V BEI JI STAR, including but not limited to ASSETS being transferred for its benefit in the name of its paying agent Hong Da International Shipping Co Ltd and in connection with the M/V HUA JIN WO or the M/V BEI JI STAR, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Amended Process of Maritime Attachment and Garnishment issued herein.

24. The total amount sought to be attached pursuant to the above is **$874,147.00**.

**WHEREFORE**, Plaintiff FALCON RESOURCES (SHANGHAI) LTD prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$874,147.00** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant HK HUAJIN SHIPPING CO., LIMITED a/k/a HONG KONG YONG JEI INTERNATIONAL SHIPPING CO., LTD. a/k/a HONG KONG YONG JEI INTERNATIONAL TRADING CO., LTD., including but not limited to payments made by Jiangsu Huahai Shipping Co Ltd. in connection with the M/V HUA JIN WO or the M/V BEI JI STAR, including but not limited to ASSETS being transferred for its benefit in the name of its paying agent Hong Da International

Shipping Co Ltd and in connection with the M/V HUA JIN WO or the M/V BEI JI STAR, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Amended Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       March 25, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
FALCON RESOURCES (SHANGHAI) LTD.

By: _____
    Michael E. Unger (MU 0045)
    80 Pine Street
    New York, NY 10005
    (212) 425-1900
    (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York )
                  ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
25th day of March 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/301192.1                    8